IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VLADO GAZIC,

                      Plaintiff,

    v.                                                             OPINION and ORDER

CHRIS BUESGEN, SGT. WOODWORTH, OFFICER              23-cv-118-jdp
DENO, and E. SPECKHART,

                      Defendants.

---

I allowed plaintiff Vlado Gazic, without counsel, to proceed on free exercise and retaliation claims. Dkt. 22. Defendants motion for partial summary judgment, contending that Gazic failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA) on his retaliation claim. *See* Dkt. 19 and Dkt. 20. I will grant the motion and dismiss that claim.

BACKGROUND

In response to my order, Gazic, a Seventh Day Adventist, filed an amended complaint alleging that he lost his prison job at Jackson Correctional Institution (JCI) for refusing to work on a Saturday in February 2017. Further, Gazic alleged that he told nondefendant Shmeigh (JCI employee) that prisoners were mad at defendant Deno (JCI officer) because she had cut up their clothes, and that Shmeigh relayed that statement to nondefendant Katzmar (JCI employee). Gazic added that, after Deno learned what Shmeigh told Katzmar, Deno started retaliating against him by constantly searching and trashing his cell and removing his property. Dkt. 18. I allowed Gazic to proceed on:

- A First Amendment free exercise claim against Deno and defendant Woodworth because they allegedly gave him a conduct report for refusing to work on the Sabbath, and against defendants Speckhart and Buesgen because they allegedly approved the conduct report;

- A claim under the Religious Land Use and Institutionalized Persons Act against Deno, Woodworth, Speckhart, and Buesgen based on the same allegations underlying his free exercise claim; and

- A retaliation claim against Deno because she allegedly searched and trashed his cell and removed his property after learning about his complaints to Shmeigh and Katzmar.

PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Id.*

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018). The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

2

The Department of Corrections (DOC) maintains a complaint process in all state adult prisons. *Crowley v. Nickel*, No. 12-cv-486-wmc, 2015 WL 5749753, at *2 (W.D. Wis. Sept. 30, 2015). "Inmate complaints submitted before April 1, 2018, are governed by Wis. Admin. Code ch. DOC 310 (Dec. 2014) . . . ." *Love v. Meli*, No. 19-cv-1511, 2021 WL 1720227, at *3 (E.D. Wis. Apr. 30, 2021). As relevant here, the process starts with the prisoner's filing of a formal inmate complaint. *See* Wis. Admin. Code. DOC § 310.07(1) (2014); *see also id.* § 310.09(1)(a), (6) (an inmate must file a complaint on the forms supplied for that purpose within 14 calendar days after the occurrence giving rise to the complaint). "If the grievance concerns alleged retaliation, then at a minimum it must identify two things: the protected conduct that provoked the retaliation and the retaliatory act." *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017).

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Defendants contend that Gazic failed to file a formal inmate complaint related to his retaliation claim. *See* Dkt. 20 at 2. In his most relevant inmate complaint, Gazic complains that he lost his job because Deno tried to force him to work on the Sabbath, which he refused to do. *See* Dkt. 21-4 at 16–17. This inmate complaint mentions Deno, but it doesn't relate to her alleged retaliation. The warden dismissed this complaint with a modification that is irrelevant here. *Id.* at 4.

Gazic appealed to the corrections complaint examiner, alleging in part that Deno vindictively tried to get him fired because he complained to Katzmar that prisoners were mad at her about their clothes. *See id.* at 28. I will assume for this motion that, even though Gazic failed to raise his retaliation claim in the initial inmate complaint, he could have exhausted it by raising it in an appeal. Gazic bases his retaliation claim on the allegation that Deno constantly searched and trashed his cell and took his property after he made that complaint to Katzmar. But in his appeal, Gazic contended that Deno *tried to get him fired* because of his complaint to Katzmar about what she had done to prisoners' clothes. Because the appeal did not identify the retaliatory act on which Gazic wants to proceed, it wasn't enough to exhaust Gazic's retaliation claim. *See Lockett*, 2017 WL 4083594, at *2.

Gazic contends that he exhausted his retaliation claim by raising it in letters to prison staff. *See* Dkt. 21-4 at 19–21; Dkt. 32-2 at 4–5, 7–8, 15. Gazic identifies the right retaliatory action in some of these letters, but they fail to exhaust his retaliation claim because they aren't inmate complaints. *See Koch*, 902 F.3d at 687; *Pozo*, 286 F.3d at 1025. Gazic contends that the complaint process required him to try to resolve his retaliation claim informally, which he did. But the 2014 regulations contain no such requirement and, in any case, informal efforts to resolve an issue don't excuse a prisoner from completing all the steps that the complaint process mandates. *See Truckey v. Nickel*, 436 F. App'x 665, 668 (7th Cir. 2011); *see also Koch*, 902 F.3d at 687; *Pozo*, 286 F.3d at 1025.

Gazic also suggests that he was confused about whether to raise his retaliation claim in an inmate complaint. Gazic raised his free exercise claims that way, so he could have (and should have) done the same for his retaliation claim. If Gazic was truly confused about whether to raise his retaliation claim in an inmate complaint, he should have "err[ed] on the side of

4

exhaustion" and taken that step. *Cf. Ross*, 578 U.S. at 644. Gazic filed several formal inmate complaints around that time. Dkt. 21-1. The evidence shows that this remedy was available to him.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment, Dkt. 19, is GRANTED. The court dismisses without prejudice plaintiff's retaliation claim against defendant Deno.

2. The clerk of court is directed to send plaintiff a copy of this order.

Entered February 20, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5